1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11

12   DAMIEN WAFFORD,                    )  1:12-cv-0122 MJS HC
                                        )
13                    Petitioner,       )  ORDER TO SHOW CAUSE WHY PETITION
                                        )  SHOULD BE STAYED
14          v.                          )
                                        )
15                                      )
                                        )
16   CONNIE GIPSON, Warden,             )
                                        )
17                    Respondent.       )
     _____)
18

19          Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction under

21   28 U.S.C. § 636(c). (ECF Nos. 5.)

22          Petitioner was convicted by jury on charges of kidnaping for ransom, kidnaping, terrorist

23   threats, false imprisonment by force, and commission of a crime in furtherance of a criminal

24   street gang. (Pet. at 2.) Petitioner was sentenced on or about October 16, 2008 to life

25   imprisonment without the possibility of parole. (Id.) He appealed his conviction to the California

26   Court of Appeal, Fifth Appellate District, which affirmed the judgment. (Id. at 3.) Petitioner

27   subsequently filed a petition for a review in the California Supreme Court, which was denied

28   on October 13, 2010. (Id.)

-1-

On January 12, 2010, Petitioner filed the instant petition. In the petition, Petitioner admits that the third and fourth claims were not presented to the California Supreme Court. However, Petitioner asserts that he filed a petition for writ of habeas corpus with the Kern County Superior Court on December 16, 2011. (Pet. at 3.) Petitioner desires to have the instant petition stayed while he returns to state court to exhaust his third and fourth claims for relief.

## I.   **LEGAL STANDARD**

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

## II.   **ANALYSIS**

Petitioner, recognizing that two of his claims is not exhausted, has requested the Court stay this case and hold it in abeyance to allow him to attempt to exhaust his claim in state court. He states he has filed a petition with the Kern County Superior Court to attempt to do so. (See Pet.) However, the Court notes that at the time of this order, according the California Courts' website, Petitioner has yet to file a petition for writ of habeas corpus with the Fifth District Court of Appeals or the California Supreme Court.

### A.   **Stay and Abayance**

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his

1   petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a

2   petitioner must meet three pre-conditions for a stay of a mixed petition: (1) a finding of good

3   cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a

4   finding that the unexhausted claims are potentially meritorious; and (3) no indication that the

5   petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three

6   preconditions exist, the court should stay the habeas case and hold it in abeyance, leaving the

7   mixed petition intact while the petitioner returns to state court to present his unexhausted

8   claims.

9       Rhines does not go into detail as to what constitutes good cause for failure to exhaust,

10  and the Ninth Circuit has provided no clear guidance beyond holding that the test is less

11  stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654,

12  661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more

13  generous than the showing needed for "cause" to excuse a procedural default. See, e.g.,

14  Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's

15  mandate on remand). This view finds support in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct.

16  1807, 161 L. Ed. 2d 669 (2005), where the Supreme Court acknowledged that a petitioner's

17  "reasonable confusion" about the timeliness of his federal petition would generally constitute

18  good cause for his failure to exhaust state remedies before filing his federal petition. 544 U.S.

19  at 416-17.

20      However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled

21  that petitioner did not show good cause by arguing that he was "under the impression" that his

22  counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The

23  Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey

24  orders routine" and "would run afoul of Rhines and its instruction that district courts should only

25  stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.

26      Petitioner provides no excuse or reasoning for not presenting his third and fourth claims

27  to the California Supreme Court. Thus this  Court is bound to find that he has not shown good

28  cause for a stay under Rhines. However, the Kelly procedure, which has remained available

even after the Supreme Court's ruling in <u>Rhines</u>, does not require a showing of good cause. <u>King</u>, 564 F.3d at 1140. The Court must still deny a request for a stay and abeyance under <u>Kelly</u> if the new claims are facially without merit and therefore cannot be added to the existing habeas petition after they are exhausted in state court. <u>King</u>, 564 F.3d at 1141.

The Court finds that Petitioner's unexhausted claims - that trial counsel was ineffective - with respect to gang evidence and regarding a conflict of interest, presents, at this stage, facially meritorious claims. While Petitioner may be eligible to have the petition stayed under the <u>Kelly</u> procedure, the Court is reticent to grant a stay without confidence that the claims will be exhausted in a reasonable time.

As discussed by the Supreme Court, the stay and abeyance procedure is available only in limited circumstances because the procedure frustrates AEDPA's objective of encouraging finality and streamlining federal habeas proceedings. <u>Rhines</u>, 544 U.S. at 277.

> A mixed petition should not be stayed indefinitely... Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. <u>See, e.g.</u>, <u>Zarvela</u>, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. <u>See id.</u>, at 380-381.

<u>Rhines</u>, 544 U.S. at 277-78.

Eight months have passed since Petitioner filed the petition and requested the matter be stayed. Petitioner has had sufficient time to present any unexhausted claims before the state courts. Petitioner is therefore ordered to show cause and explain why granting the stay would not frustrate AEDPA's objective of encouraging finality or undermine the goal of streamlining federal habeas proceedings.

## III.   ORDER

Accordingly, it is ORDERED that Petitioner file a response to the order to show cause within fourteen (14) days of service of this order describing: 1) the status of Petitioner's attempts to exhaust his state remedies and 2) explaining why the petition should not be

1    dismissed without prejudice while Petitioner attempts to exhaust his state remedies.

2          Petitioner is forewarned that failure to follow this order will result in dismissal of the

3    petition pursuant to Local Rule 110.

4

5

6    IT IS SO ORDERED.

7    Dated:    August 26, 2012          /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28