IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAMIEN WAFFORD,**<br><br>Petitioner,<br><br>v.<br><br>**CONNIE GIPSON, Warden,**<br><br>Respondent. | 1:12-cv-0122 MJS HC<br><br>**ORDER TO SHOW CAUSE WHY STAY SHOULD NOT BE VACATED** |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 5.)

Petitioner was convicted by jury on charges of kidnaping for ransom, kidnaping, terrorist threats, false imprisonment by force, and commission of a crime in furtherance of a criminal street gang. (Pet. at 2.) Petitioner was sentenced on or about October 16, 2008 to life imprisonment without the possibility of parole. (Id.) He appealed his conviction to the California Court of Appeal, Fifth Appellate District, which affirmed the judgment. (Id. at 3.) Petitioner subsequently filed a petition for a review in the California Supreme Court, but it was denied on October 13, 2010. (Id.)

On January 12, 2010, Petitioner filed the instant petition. Petitioner there admits

that his third and fourth claims were not presented to the California Supreme Court. However, he asserts that he filed a petition for writ of habeas corpus with the Kern County Superior Court on December 16, 2011. (Pet. at 3.)

On August 27, 2012, the Court ordered Petitioner to show cause why the petition herein should be stayed despite Petitioner's failure to exhaust his third and fourth claims during the eight months the petition had then been pending. (ECF No. 6.) Based on Petitioner's counsel's assertions that he would exhaust claims in his response to the order to show cause, the Court granted a stay on September 18, 2012. (ECF Nos. 10-11.)

Over a year has passed since the stay was issued, and Petitioner has not yet notified the Court that he has exhausted his state court remedies.

As discussed by the Supreme Court, the stay and abeyance procedure is available only in limited circumstances because the procedure frustrates AEDPA's objective of encouraging finality and streamlining federal habeas proceedings. Rhines v. Weber, 544 U.S. 277 (2005).

> A mixed petition should not be stayed indefinitely... Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, e.g., Zarvela, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.

Rhines, 544 U.S. at 277-78.

Here, more than a year has passed since the matter was stayed. Petitioner has had sufficient time to present any unexhausted claims before the state courts. Petitioner is therefore ordered to show cause why the stay should not be vacated.

## **ORDER**

Accordingly, it is ORDERED that Petitioner file a response to the order to show cause within fourteen (14) days of service of this order explaining why the stay should

not be vacated.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:    October 30, 2013            /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

3