IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAMIEN WAFFORD,**<br><br>                                Petitioner,<br><br>        v.<br><br>**CONNIE GIPSON, Warden,**<br><br>                                Respondent. | 1:12-cv-0122 MJS HC<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION AND RE-OPENING CASE**<br><br>**ORDER VACATING STAY AND ORDERING PETITIONER TO FILE AN AMENDED PETITION CONTAINING ONLY CLAIMS ONE AND TWO WITHIN THIRTY DAYS**<br><br>**[Docs. 15-16, 18-19]** |

    Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented by Gregory H. Mitts, Esq.

**I.    PROCEDURAL HISTORY**

    On January 10, 2012, Petitioner filed a petition for writ of habeas corpus. The matter originally was stayed.  On October 30, 2013, the Court ordered Petitioner to show cause why the stay should not be vacated. (ECF No. 12.) Petitioner was provided two weeks to respond to the order to show cause. Petitioner did not file a response before the expiration of the two week period on November 13, 2013. The Court dismissed the petition on November 21, 2013 for failure to follow a court order.

1

1      On November 26, 2013, Petitioner filed a request to vacate dismissal of the

2 petition and a response to the order to show cause why the stay should not be vacated.

3 (See ECF Nos. 15-16, 18-19.) The Court shall address Petitioner's filings in turn.

4 **II.**     **MOTION FOR RECONSIDERATION**

5      Here, Petitioner filed a request to vacate the dismissal of the petition. To the

6 extent that the Federal Rules of Civil Procedure are not inconsistent with the statutory

7 provisions or rules governing federal habeas corpus, they may be applied. See Rule 12,

8 Rules Governing Section 2254 Cases. Accordingly Petitioner's request to vacate shall be

9 considered as a motion for reconsideration under Fed. R. Civ. P. 60(b)(1).

10      Rule 60(b)(1) provides as follows: "On motion and just terms, the court may

11 relieve a party or its legal representative from a final judgment, order, or proceeding for

12 the following reasons: [ ] mistake, inadvertence, surprise, or excusable neglect."

> Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 394, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), and includes "omissions caused by carelessness," id. at 388. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. To determine when neglect is excusable, we conduct the equitable analysis specified in Pioneer by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman, 231 F.3d at 1223-24 (citing Pioneer, 507 U.S. at 395).

20 Lemoge v. United States, 587 F.3d 1188 (9th Cir. 2009).

21      Petitioner's counsel in his motion for reconsideration explains that severe health

22 concerns and a loss of electronic client files contributed to his oversight in timely

23 responding to the order to show cause. Specifically, counsel had heart surgery in late

24 May 2013, from which he is still recovering, and then spinal surgery on November 15,

25 2013, after expiration of the period for responding to the order to show cause. Further,

26 counsel states that his work computer contracted a virus causing him to loose client files

27 weeks before the order to show cause was issued.

28      First, counsel is admonished for failing to attempt to respond, or at minimum, file a

request for extension of time to respond to the order to show cause. A short, one page response or request for extension of time would have prevented this Court from dismissing the petition. Such a response could have been prepared even if counsel was not in possession of Petitioner's file.

However, based on the events described by counsel, the court finds that there was excusable neglect for the failure to respond to the order to show cause. Based on counsel's severe health problems, the Court finds that his failure to timely respond could have been inadvertent or based on excusable neglect due to the side effects from his prior surgery and the need to prepare for spinal surgery several days after the deadline for filing the order to show cause.

The Pioneer factors also weigh in Petitioner's favor. There has been no prejudice to Respondent. Respondent has yet to be served with the petition and therefore has not had to perform any additional work due to the dismissal of the matter. Also, the delay was minimal. Petitioner filed the instant motion for reconsideration within a week of the dismissal of the petition. Accordingly, Petitioner's motion for reconsideration is GRANTED. The Court shall order the Clerk of Court to re-open the matter.

## III.  RESPONSE TO ORDER TO SHOW CAUSE

Petitioner, in his response to the order to show cause why the stay should not be vacated, describes his efforts to exhaust state remedies with regard to the third and fourth claims of the petition.

Petitioner was convicted on October 16, 2008.[1] Petitioner sought direct review of his conviction. Ultimately, the California Supreme Court denied his petition for review on November 2, 2010.

Petitioner filed for collateral post-conviction relief by way of a petition for writ of habeas corpus in the Kern County Superior Court on December 16, 2011. The petition

---

[1] All of the following dates and information a have been described by Petitioner in his response to the order to show cause. As the Court has not been provided copies of the relevant documents, it cannot verify, but assumes,  the accuracy of the information provided.

1    was denied on January 20, 2012. While the state petition was pending, Petitioner filed

2    the instant federal petition on January 11, 2012. On September 18, 2012, the Court

3    stayed the instant petition under <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003). The Court

4    struck the unexhausted claims (claims three and four) from the petition, and

5    administratively stayed the petition.

6        Over three months later on February 4, 2013, Petitioner filed a petition for writ of

7    habeas with the California Court of Appeal, Fifth Appellate District. The court denied the

8    petition on June 18, 2013. Petitioner asserts that he is in the process of attempting to

9    discover sealed records regarding Petitioner's <u>Marsden</u> hearing, and that Petitioner may

10   file a subsequent petition to the Fifth District Court of Appeal, but has yet to do so.

11       Even taking account of counsel's severe health problems, the Court finds that

12   Petitioner has delayed in attempting to exhaust claims three and four in state court.

13   Since the filing of this federal petition nearly two years ago, Petitioner delayed over a

14   year after the denial of the habeas petition in the Kern County Superior Court to file a

15   petition with the California Court of Appeal. That delay occurred before counsel's heart

16   surgery. Over five months have passed since his petition filed with the California Court of

17   Appeal was denied. Moreover, Petitioner states an intention to file a subsequent petition

18   with the Court of Appeal rather than file a petition with the California Supreme Court to

19   properly exhaust his claims.

20       Petitioner was convicted over five years ago, his direct appeals were denied over

21   three years ago, and the present petition has been pending for nearly two years. As

22   discussed by the Supreme Court, the stay and abeyance procedure is available only in

23   limited circumstances because the procedure frustrates AEDPA's objective of

24   encouraging finality and streamlining federal habeas proceedings. <u>Rhines v. Weber</u>, 544

25   U.S. 277 (2005).

26           A mixed petition should not be stayed indefinitely... Without time
        limits, petitioners could frustrate AEDPA's goal of finality by dragging out
27      indefinitely their federal habeas review. Thus, district courts should place
        reasonable time limits on a petitioner's trip to state court and back. <u>See,</u>
28      <u>e.g.</u>, <u>Zarvela</u>, 254 F.3d, at 381 ("[District courts] should explicitly condition

the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.

Rhines, 544 U.S. at 277-78.

Petitioner's delay in attempting to exhaust the claims of his petition has frustrated this Court's attempt to adjudicate Petitioner's claims in a timely manner. Accordingly the court hereby orders the stay vacated, and claims three and four of the petition are dismissed without prejudice. Petitioner is ordered to file an amended petition containing only claims one and two of the original petition within thirty (30) days of the date of issuance of this order. Should Petitioner exhaust claims three and four in state court, he may move to amend the present petition to add the claims if this petition is still pending. The Court declines at this time to decide if the claims, once exhausted, can properly be added to the federal petition within AEDPA's one year limitation period. If the present petition is no longer pending, Petitioner may move before the Ninth Circuit to file a second or successive petition containing the exhausted claims. See 28 U.S.C § 2244(b).

**III.    ORDER**

Accordingly, IT IS HEREBY ORDERED that the Petitioner's motion for reconsideration is GRANTED and the Clerk of Court shall re-open the present matter.

It is also ORDERED that the stay is vacated and that Petitioner shall file an amended petition containing claims one and two of the original petition within thirty (30) days of the date of issuance of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   December 9, 2013            /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE